UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTON SCOTT HALEY | § § § § § § § § § § | CIVIL ACTION NO. 2:23-CV-00028 |
| Plaintiff, | | |
| V. | | |
| ALEXANDROS LOUKANARIS | | |
| Defendant. | | |

### PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTIVE RELIEF AS TO ALEXANDROS LOUKANARIS

TO THE HONORABLE U.S. DISTRICT JUDGE:

**COMES NOW**, Plaintiff ANTON SCOTT HALEY and respectfully moves this Court for a default judgment and permanent injunctive relief based upon his claim under Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.,* as provided under Federal law. The Plaintiff has complied with the requirements to obtain a default judgment and permanent injunction against Defendant ALEXANDROS LOUKANARIS. The Defendant did not file a response or otherwise defend against the instant case and issue in controversy.

Plaintiff shows the Court as follows:

**I. INTRODUCTION**

1. This case is ready for final judgment. On March 20, 2023, Plaintiff's request for Clerk's Entry of Default was granted and default was entered against Defendant ALEXANDROS LOUKANARIS. *See Dkt 8.* No one acting on the Defendant's behalf ever filed a response, answer, objection, motion to dismiss, or any

1

other type of responsive pleading. *See* **FRCP 55(a).** Defendant has defaulted.

    2.    The remedy to which Plaintiff is entitled under Title 42 USC §§12181, *et seq.,* includes an injunction that prohibits discrimination on the basis of disability in places of public accommodation. Defendant ALEXANDROS LOUKANARIS owns, manages, controls, and leases the improvements and building that is such a place of public accommodation. Defendant never refuted that his improvements and building are such a place of public accommodation. Defendant never refuted that the Plaintiff is a disabled individual that is protected under the Americans with Disabilities Act. Plaintiff proved his case via photographs included in *Dkt 1,* the original complaint.

    3.    Trial is unnecessary to establish the Defendant's liability. This case is ripe for the Court to issue a final declaratory judgment and an appropriate remedy.

    4.    As part of the judgment, the Court may award attorney's fees as costs under the provisions of Civil Rights legislation, Title 42 USC §12205, and the Supreme Court decision in *Buckhannon v. West Virginia,* 532 U.S. 598 (2001) (attorney's fees may be awarded if allowed by statute and there is a final judgment on the merits).

## II. STATEMENT OF CLAIM

    5.    Mr. HALEY, a person with a physical disability and mobility impairments, filed an action against Defendant ALEXANDROS LOUKANARIS, for declaratory and injunctive relief, attorney's fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

    6.    Defendant refused to provide Mr. HALEY and others similarly situated

with sufficient ADA-Compliant Disabled parking in the parking lot that serves the THERAPY BAR location in Corpus Christi, Texas. The location did not have any disabled parking spaces or signs. Based on these facts, ALEXANDROS LOUKANARIS has denied Mr. HALEY the ability to enjoy the goods, services, facilities, privileges, advantages, and accommodations at the Corpus Christi THERAPY BAR location. Plaintiff proved his case via photographs from the scene included in *Dkt 1* (the Original Complaint).

### III. FACTUAL AND PROCEDURAL SUMMARY

7. The relevant facts and record citations are set forth in *Dkt 1* (the Original Complaint). Defendant ALEXANDROS LOUKANARIS owns, manages, controls, and leases the improvements and building that is a place of public accommodation and refused to comply with the provisions of the Americans with Disabilities Act 42 U.S.C. §§12181, *et seq*. The Defendant's property is not compliant, nor has defendant made the necessary changes to bring his property into compliance.

8. The Defendant was provided a copy of the lawsuit on February 1, 2023. Neither the Defendant nor anyone acting on his behalf responded to the lawsuit. Default was entered against Defendant ALEXANDROS LOUKANARIS on March 20, 2023. *See Dkt 8*.

9. The Defendant did not: a) Make an appearance, b) File an Answer, c) File a motion to dismiss, or d) File any other motion. *See* **FRCP** 55(a).

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*. Venue is proper in this Court pursuant to 28

U.S.C. §1391(b), as the events complained of occurred in the City of Corpus Christi, Nueces County, wherein the property is located.

## IV. DISCUSSION

A. Default Judgment

11. When a party defaults (does not answer or defend against a claim), the court or clerk may enter a final judgment without conducting a trial on liability. *See* **FRCP 55**. Securing a default judgment is a three-step procedure involving the Defendant's default, the entry of default, and the entry of the default judgment. *New York Life Ins. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996).

12. A motion for default judgment must be in writing unless it is made during a hearing or trial. *See* **FRCP 7(b)(1)(A).** The motion should allege the following: 1) the default was entered, 2) defendant did or did not appear, 3) amount of claim, 4) Military Status, 5) if Defendant is a minor or incompetent, and 6) if Defendant is the United States. *Id., See also Silge v. Merz,* 510 F.3d 157, 160 (2d Cir.2007).

B. Attorney's Fees as Costs of Litigation

13. Under the statute, attorney's fees are authorized as costs of litigation, not damages. The Court may award attorney's fees to the prevailing party. "In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual." *See* Title 42 USC §12205.

14. The Supreme Court upheld attorney's fees as valid costs of litigation that can be awarded to the prevailing party as noted in *Buckhannon v. West Virginia,* 532 U.S.

598 (2001). To be a prevailing party and obtain fees, there must be a judgment on the merits and the attorney's fees must be authorized by statute. A prevailing party is generally a party who succeeds on any significant issue in the litigation and that success provides some benefit that had been sought by the party. *Davidson v. Veneman,* 317 F.3d 503, 506 (5th Cir.2003). A plaintiff who obtained a permanent injunction is generally considered to be a prevailing party. *Lefemine v. Wideman,* 133 S. Ct. 9 (2012).

15. When a statute defines 'costs' to include attorney's fees, the fees are not damages. *Marek v. Chesny,* 473 U.S. 1, 9 (1985). In the United States, a prevailing party is not ordinarily entitled to collect attorney's fees from the losing party. *Alyeska Pipeline Serv. V. Wilderness Soc'y,* 421 U.S. 240, 247 (1975). Despite the *American Rule*, a prevailing party may be entitled to attorney's fees if the fees are specifically provided for by statute. *Summit Valley Indus. V. Local 112, United Bhd. of Carpenters & Joiners,* 456 U.S. 717, 721 (1982). Statutes do permit the court to award attorney fees to the prevailing party. *See* Title 42 USC §2000e-5(k) and 42 USC §12205.

16. A party can claim attorney's fees in its complaint or by motion. If attorney's fees are recoverable as costs of suit, the party does not need to include a demand for them in the complaint. *See* **FRCP 54(d)(2)(A).** Instead, the party must file a motion requesting them. *Id.* A party must file a motion for attorney fees within 14 days after entry of judgment. *See* **FRCP 54(d)(2)(A).**

17. Most claims for attorney's fees are as costs, not damages. *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 200 (1988). A party seeking attorney's fees as costs is usually seeking fees for work done during the case. *Rissman v. Rissman,* 229 F.3d 586, 588 (7th Cir.2000).

C. <u>Injunction as ADA Remedy</u>

18. A permanent injunction is available as a remedy under the Americans with Disabilities Act. "**a) General.** Any person who is being subjected to discrimination on the basis of disability in violation of the Act or this part or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of section 303 of the Act or subpart D of this part may institute a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order." *See* ADA Title III Regulation, **28 CFR Part 36, Sec.36.501.**

19. The Court can order the facility to be altered to make the facility readily accessible to a disabled individual. "**(b) Injunctive relief.** In the case of violations of Sec.36.304, Sec.36.308, 36.310(b), 36.401, 36.402, 36.403, and 36.405 of this part, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the Act or this part." See ADA Title III Regulation, **28 CFR Part 36, Sec.36.501.**

## V. AS APPLIED TO THE INSTANT CASE

20. Plaintiff has met the requirements to obtain a default judgment against Defendant ALEXANDROS LOUKANARIS. The Defendant was provided a copy of the lawsuit on February 1, 2023. Neither the Defendant nor anyone acting on his behalf responded to the lawsuit. Plaintiff's request for Clerk's Entry of Default was granted and default was entered against Defendant ALEXANDROS LOUKANARIS on March 20, 2023. *See Dkt 8.* The Defendant did not: a) Make an appearance, b) File an Answer, c) File a motion to dismiss, or d) File any other motion. *See* **FRCP** 55(a).

21. The Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12181, *et seq*. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the events complained of occurred in the City of Corpus Christi, Nueces County, wherein the property is located.

22. The default was entered. The defendant did not appear, the defendant is not a military servicemember, defendant is not a minor or incompetent, and the defendant is not the United States.

23. The Plaintiff is seeking a permanent injunction against the Defendant such that the Defendant will bring his improvements and building that is a place of public accommodation into compliance with the Americans with Disabilities Act, 42 USC §§12181, *et seq*. Plaintiff is requesting that the Court issue an order that Defendant alter his facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the Act.

24. No hearing is necessary in accordance with *James v. Frame,* 6 F.3d 307, 310 (5th Cir.1993) and **FRCP** 55(b)(2).

## VI. RELIEF SOUGHT

25. The Court has jurisdiction over this action under 28 U.S.C. §1331 and §1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq*.

26. The Plaintiff requests that the Court issue an Order such that Defendant ALEXANDROS LOUKANARIS, and his agents, servants, employees, and all persons in active concert or participation with him who receive actual notice of the Order are

permanently enjoined under 42 U.S.C. §12181, *et seq.,* from: discriminating against persons on the basis of disability. The Plaintiff requests that the Court issue an Order such that Defendant ALEXANDROS LOUKANARIS, and his agents, servants, employees, and all persons in active concert or participation with him who receive actual notice of the Order are compelled under 42 U.S.C. §12181, *et seq.,* to: alter his facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the Act.

27. The Plaintiff asks that he be allowed, through his counsel, to engage in post-judgment discovery under Rules 26, 30, 33, 34, and 36 of the Federal Rules of Civil Procedure to ensure compliance with this permanent injunction.

28. The Plaintiff asks that the Court retain jurisdiction over this case for the purpose of monitoring the Defendant's compliance with the terms of the permanent injunction. If anyone subject to this injunction violates any part of this injunction, the Court may find the violator to be in civil contempt of this injunction and punish the violator with a fine, incarceration, or both.

## VIII. ATTORNEY'S FEES SOUGHT

29. Plaintiff's counsel has attached an affidavit verifying the information contained in this Motion. *See* **Exhibit 1**.

30. Defendant made no attempt to respond to this lawsuit. The Defendant did not: a) Make an appearance, b) File an Answer, c) File a motion to dismiss, or d) File any other motion. *See* **FRCP** 55(a).

31. The amount of the claim is a sum certain. The amount due is $ 9,114.50. The amount is calculated based on the table that follows:

Attorney's Fees

| Work Performed | Hours |
|---|---|
| Visiting the facility, taking photographs, drafting complaint, attaching photographs, travel to location | 17 |
| Reviewing Filings at Texas Secretary of State's Office, Preparing Summons | .5 |
| Filing Lawsuit, Attaching Summons, Service of Lawsuit | 1.5 |
| Drafting Motion for Default, Motion for Default Judgment | 1.5 |

Summary of Expenses

| Total Attorney's Fees | 20.5 hours @ $425 per hour | $ 8,712.50 |
|---|---|---|
| Lawsuit Filing Fee | | $ 402 |
| Total Amount Due | | $ 9,114.50 |

## IX. CONCLUSION

For the preceding reasons, the Plaintiff requests that the Court issue a declaratory judgment in favor of Plaintiff's ADA claim and issue injunctive relief as needed. A proposed Order is attached.

## PRAYER FOR RELIEF

THEREFORE, Mr. HALEY respectfully requests this Court grant the Default Judgment against Defendant ALEXANDROS LOUKANARIS, and issue a permanent

injunction such that the Defendant will bring his improvements and building that is a place of public accommodation into compliance with the Americans with Disabilities Act, 42 USC §§12181, *et seq.*

DATED: AUGUST 7, 2023                    Respectfully submitted,

                                               LAW OFFICES OF R. BRUCE THARPE
                                               PO Box 101
                                               Olmito, Texas 78575
                                               (956) 255-5111
                                               (866) 599-2596 - Fax

                           BY:    ***/S/   R. Bruce Tharpe***
                                               R. Bruce Tharpe
                                             Texas State Bar ID No. 19823800
                                             Federal Bar ID 13098
                                             PLAINTIFF'S COUNSEL

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendant ALEXANDROS LOUKANARIS has not filed an Answer nor has an attorney entered an appearance in his behalf, therefore I have not had the opportunity to confer with any legal counsel representing the Defendant.

                           BY:    ***/S/   R. Bruce Tharpe***
                                             R. Bruce Tharpe

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion has been forwarded to the Defendant by hand-delivery and/or by electronic transmission and/or by depositing same in the U.S. mail, postage prepaid, on this 7th day of August, 2023 at the following address:

ALEXANDROS LOUKANARIS
4223 South Alameda Street

Corpus Christi, Texas 78412

                        BY:    ***/S/   R. Bruce Tharpe***
                                    R. Bruce Tharpe